IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                              RESPONDENT

v.                              No. 6:15-cr-60011
                                No. 6:17-cv-6030

JACOB SPURLIN                                                         MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Jacob Spurlin ("Spurlin") who is proceeding *pro se*. On March 20, 2017, Spurlin filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 52. On April 17, 2017, Spurlin filed a Supplemental Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 54. After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 56. This matter is ripe for decision.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the Response; and based upon that review, recommends these Motions be **DENIED.**

**1.     Procedural Background**:[1]

On April 15, 2015, Spurlin was named in a three (3) count Indictment. ECF No. 1. Count 1 charged Spurlin with conspiracy to distribute methamphetamine, and Counts 2 and 3 charged him with distributing methamphetamine. On April 20, 2015, Spurlin appeared for an arraignment with counsel, Clay Janske. ECF No. 13. Spurlin entered a plea of not guilty to Count 1, 2, and 3 of the Indictment. *Id.*

On August 27, 2015, Spurlin appeared with counsel and entered a plea of guilty to Count 1 of the Indictment. ECF No. 31. On the same day, Spurlin and the Government submitted a Plea

---

[1]The procedural background is taken from the Motion and Response as well as the Court's docket in this matter.

Agreement to the Court. ECF No. 32. Spurlin, and his counsel, signed the Plea Agreement where in exchange for the Government's concessions in the Plea Agreement, Spurlin waived any right to appeal or to collaterally attack his conviction and sentence, except for claims based on Ineffective assistance of counsel or prosecutorial misconduct. *Id*. at ¶¶ 3-4. Further, Spurlin made the following representations in the Plea Agreement:

> "By signing this plea agreement, the defendant acknowledges that:
>
> a. The defendant has read this agreement and carefully reviewed every part of it with defense counsel.
>
> b. The defendant fully understands this plea agreement and is not under the influence of anything that could impede the defendant's ability to fully understand this plea agreement.
>
> c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.
>
> d. The defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it.
>
> e. The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant."

Id. at ¶ 25. United States District Judge Susan O. Hickey accepted his plea of guilty and directed the United States Probation Office to prepare a Pre-Sentence Report (PSR) pursuant to the United States Sentencing Guidelines (USSG). ECF No. 31.

On December 11, 2015, the United States Probation Office filed Spurlin's PSR. ECF No. 40. The PSR assessed a base offense level of 26. ECF No. 40, ¶ 17. This was based on finding Spurlin accountable for at least 200 grams but less than 350 grams of methamphetamine. Spurlin received a two level adjustment for possessing a firearm in connection with this offense. ECF No.

40, ¶ 18. Spurlin also revived a 3-point reduction for acceptance of responsibility. ECF No. 40, ¶¶ 24-25. Therefore, Spurlin's offense level was found to be 25. ECF No. 40, ¶ 26. Spurlin had a criminal history score of 12 which placed him in category V. ECF No. 40, ¶ 37. Spurlin's advisory guideline was 100 months to 125 months. ECF No. 40, ¶ 53.

On December 14, 2015, Spurlin filed a Response and Memorandum to Pre-Sentence Report ECF No. 42. In his response, Spurlin objected to paragraph 18 of the PSR (Specific Offense Characteristics) and argued there was no evidence he possessed a firearm with this offense, but had a gun for squirrel hunting. *Id.*

On March 30, 2016, Spurlin appeared before Judge Hickey for sentencing. ECF No. 46. At sentencing, Judge Hickey sentenced Spurlin to 84 months in the Bureau of Prisons with credit for time served in federal custody, three years of supervised release, and a special assessment of $100.00. ECF No. 47. In the Statement of Reasons, Judge Hickey found the total offense level to actually be 25 with a criminal history category of V. ECF No. 48. Judge Hickey found the U.S.S.G. range to be 100 to 125 months (before a departure). *Id.* at 1. Judge Hickey then departed below the applicable U.S.S.G. range to 84 months based upon Spurlin's lack of youthful guidance. *Id.* at 3. Spurlin did not appeal this sentence.

2.  **Instant Motion**:

On March 20, 2017, Spurlin filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 52) and his Supplemental Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 54), on April 17, 2017. The Court directed a response, and the Government filed its Response on May 17, 2017. ECF No. 56. In his Motion and Supplement, Spurlin raises the following issues:

   A.   Ineffective assistance of counsel because his counsel failed to object to the two level

adjustment for possessing a firearm in connection with his offense; and

B. Ineffective assistance of counsel because his counsel failed to request application of U.S.S.G. § 2K2.1(b)(2).

**3.    Discussion**:

Spurlin requests relief under 28 U.S.C. § 2255. ECF No. 65. A § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). As noted above, Spurlin requests relief based upon his arguments listed above. The Government has responded to each of these claims. ECF No. 56. The Court will address each of these specific issues.

However, as an initial matter and in considering these arguments, the Court notes in order to prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence", and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (*quoting Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (*quoting Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(*citing United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court considers counsel's performance

objectively and gauges whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted). The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.* There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ." *White,* 314 F.3d at 678. If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

### A. Ineffective Assistance

Spurlin claims his counsel was ineffective because he failed to object to the two level adjustment for possessing a firearm in connection with his offense. ECF No. 54 at 5-6. Upon review of this claim, however, the Court finds Spurlin's claim that his counsel did not object to this adjustment is without merit. In his counsel's Response and Memorandum to PSR (ECF No. 42), trial counsel for Spurlin argued this exact point when he requested a downward departure:

> The Defendant objects to paragraph eighteen (18). There is no evidence that the Defendant possessed a firearm with the pled offense. The allegation is that the

> Defendant had a gun. He stated to law enforcement it was for squirrel hunting. . that was in a count that the Government should not be included for enhancement [sic].

Clearly, his counsel cannot be ineffective for actually doing what Spurlin claims he did not do. While the Court disagreed with this objection, counsel is not ineffective simply because his arguments ultimately are unsuccessful. Therefore, the Court finds no basis for Section 2255 relief on this issue.

Spurlin also argues counsel was ineffective because he did not include Spurlin's objections to the PSR to the Court regarding two letters he says were sent to counsel, as well as a mailing to the Court. ECF No. 54, Pg. 4. Neither of these letters are attached to this Motion, nor are they noted on the Court docket sheet. Spurlin has failed to show how counsel's performance was deficient and has not shown how he was prejudiced by any failure of counsel to submit unspecified objections.

### B. Request for application of U.S.S.G. § 2K2.1(b)(2)

Sprulin's second contention is a reference to an amendment to § 2K2.1(b)(2) of the United States Sentencing Guidelines, presumably for the court to consider a reduction of points on his sentence because all of the ammunition and firearms he possessed were allegedly for lawful sporting purposes, or collection, and were not unlawfully discharged or otherwise were not unlawfully used. ECF No. 54, Pg. 5. This Amendment does not apply to Spurlin because he was not sentenced under § 2K2.1 which is for crimes based on the unlawful receipt, possession, transportation, or prohibited transactions involving firearms or ammunition. Spurlin was sentenced under § 2D1.1, a guideline correctly applied for crimes involving manufacturing, importing, exporting, or trafficking of illegal substances. The considerations of § 2K2.1 are inapplicable and do not create a basis of relief for Spurlin.

**4.	Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Spurlin is clearly not entitled to the relief he seeks.[2] Further, I find Spurlin has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5.	Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motions (ECF Nos. 52, 54) be **DENIED** and dismissed with prejudice. Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **25th day of September 2017.**

                                             /s/ Barry A. Bryant  
                                             HON. BARRY A. BRYANT  
                                             U.S. MAGISTRATE JUDGE

---

[2] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).